STATE OF CONNECTICUT *v.* JOSEPH K. DALEY

REVIEW DIVISION OF THE SUPERIOR COURT

Decided October 23, 1967

*Bernard S. Peck,* of Bridgeport, for the defendant.

*Arlen D. Nickowitz,* assistant state's attorney, for the state.

BY THE DIVISION.  The defendant, sixteen years of age, pleaded nolo contendere to the charge of misconduct by a motor vehicle operator and was found guilty and sentenced to the Connecticut reformatory for nine months, sentence to be suspended after six months with probation for one year.  General Statutes § 53-17 provides for a penalty, for such offense,

of a fine of not more than $1000 or imprisonment for not more than ten years or both.

The defendant left a high school dance in Westport with three friends in his automobile. He had taken one friend to Fairfield and was returning on the Post Road to Westport. He was driving at an excessive speed. His version of the offense suggests that he had speeded up to avoid a station wagon approaching at an angle when he suddenly came upon the Volkswagen ahead of him in which the victim was a passenger and which he was unable to avoid striking. There is some conflict in the record as to the speed of the defendant's vehicle as well as to the extent of his participation in the drinking which had taken place. Upon the defendant's own admission, his speed was greatly in excess of the thirty-five mile per hour posted speed limit where the accident occurred. He also admits that he had been sipping beer. The defendant was a newly licensed operator with limited experience. He has only one eye, the other having been injured when he was a young boy. The offense happened on a rainy, stormy, foggy, January night.

The assistant state's attorney acknowledged the defendant's good record and background and said: "I feel that your Honor has an equal obligation to keep in mind that the life of a twenty-two-year-old girl has been erased purely and solely by the gross negligent conduct of this young boy." The case was then submitted without any specific recommendation. Not only were numerous laudatory character letters submitted but several witnesses appeared and testified enthusiastically about the defendant's ability, responsibility and character.

The offense of misconduct by an operator of a motor vehicle is a serious one, and we agree that

some limited confinement was justified to punish and to deter others from committing similar crimes. A commitment to the reformatory, however, presupposes that the defendant will be amenable to reformatory methods and that such methods are necessary for rehabilitation. It appears that the defendant has an excellent relationship with his parents, his church and his school. We feel that it will best serve society to return the defendant to their care. A longer confinement, as pure punishment, will serve no proper purpose, and the sentence should be modified.

It is ordered that the sentence imposed by the trial court be suspended as of October 30, 1967, and that the defendant be placed on probation for one year.

BARBER, PALMER and WALL, Js., participated in this decision.